UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARK STEVEN DECOSTA, Plaintiff, | : | |
| v. | : | CA 05-255T |
| WAL-MART, ET AL., Defendants. | : | |

**ORDER DENYING**
**APPLICATION TO PROCEED**
**WITHOUT PREPAYMENT OF FEES**

Before the court is Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit (Document #2) (the "Application"). This matter has been referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A)[1] and District of R.I. Local Rule 32(b).

On or about June 13, 2005, Plaintiff filed the Application and a Complaint (Document #1). Plaintiff's Complaint is entitled "U.S.C. 42 1983," see Complaint at 1, and it alleges violations of Plaintiff's rights under the First, Eighth, Sixth, and Fourteenth Amendments to the United States Constitution, see id.

---

[1] 28 U.S.C. § 636(b)(1)(A) states that:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A).

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343 as well as 42 U.S.C. §§ 1981, 1983, and 1988. See id.

The Complaint fails to state a claim upon which relief may be granted. Section 1983 requires state action. See 42 U.S.C. § 1983;[2] see also Cox v. Hainey, 391 F.3d 25, 29 (1st Cir. 2004) (noting that § 1983 "imposes liability upon an individual who, acting under color of state law, deprives a person of federally guaranteed rights."); Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001)("Persons acting under color of state law are liable under 42 U.S.C. § 1983 for infringing on the constitutional rights of private parties.").[3]

---

[2] Section 1983 provides, in its entirety:

> Civil action for deprivation of rights
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

[3] While Plaintiff also references 42 U.S.C. §§ 1981 and 1988, see Complaint at 1, these statutes do not provide Plaintiff with a cause of action for the violations which he alleges. Although § 1981 applies to private as well as official acts of discrimination, see Danco, Inc. V. Wal-Mart Stores, Inc., 178 F.3d 8, 13 (1st Cir. 1999), the statute requires a showing of racial animus, see O'Neal v. Ferguson Constr. Co., 237 F.3d 1248, 1258 (10th Cir. 2001), and Plaintiff has not alleged that he was subjected to racial

Accordingly, Plaintiff's Application is DENIED pursuant to 28 U.S.C. § 1915(e)(2).[4]

Additionally, although Plaintiff has filed the affidavit required by 28 U.S.C. § 1915(a)(1) and a copy of his prisoner trust fund account statement, the latter document is not certified by an appropriate official at the prison in which Plaintiff is currently confined as required by 28 U.S.C. § 1915(a)(2). Thus, the application is denied on this basis as well.

If Plaintiff wishes to continue with this action notwithstanding the court's determination that it is subject to dismissal for failure to state a claim upon which relief may be granted, he must either pay the filing fee of $250.00,[5] within thirty days of the date of this order, or refile his request to proceed in forma pauperis with a certified copy of his prisoner

---

discrimination, see Complaint. Section 1988 addresses choice of law and attorney's and expert fees. See 42 U.S.C. § 1988.

[4] 28 U.S.C. § 1915(e) states in relevant part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal-
>
> (I) is frivolous or malicious;
>
> (ii) **fails to state a claim on which relief may be granted**; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (bold added).

[5] As of February 7, 2005, the filing fee for a civil action increased to $250.00.

trust fund account statement (or institutional equivalent) from the appropriate official at the prison where he is confined.[6]

ENTER:

David L. Martin
United States Magistrate Judge
June 23, 2005

BY ORDER:

Deputy Clerk

[6] Pursuant to the Prison Litigation Reform Act of 1995 ("the Act"), adopted April 25, 1996, and codified at 28 U.S.C. § 1915(b)(1), a prisoner seeking to file in forma pauperis must pay as an initial filing fee the greater of twenty percent (20%) of the average monthly deposits to his account or the average monthly balance for the six months prior to the filing of his petition. Subsequently, a prisoner must pay monthly twenty percent (20%) of the previous month's balance in his account. These payments shall be collected and forwarded by the prison to the Clerk of the Court each time the amount in Plaintiff's prisoner trust account exceeds $10.00, until the entire filing fee of $250.00 is paid in full. See 28 U.S.C. § 1915(b)(2).