UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARK STEVEN DECOSTA, :
Plaintiff, :
:
v. : CA 05-255T
:
WAL-MART, ET AL., :
Defendants. :

**ORDER GRANTING
APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES**

On or about June 13, 2005, Plaintiff filed a Complaint (Document #1) and Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit (Document #2) (the "First Application"). The First Application was denied on June 23, 2005, because this Magistrate Judge concluded that Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 failed to state a claim upon which relief could be granted, see Order Denying Application to Proceed without Prepayment of Fees (Document #3) at 2, and also because Plaintiff's copy of his prisoner trust fund account statement had not been certified by an appropriate official at the prison in which Plaintiff is currently confined, see id. at 3. The court advised Plaintiff that if he wished to proceed with the action, notwithstanding the court's conclusion, he must either pay the filing fee of $250.00 or refile his request with a certified copy of his prisoner trust fund account statement. See id. at 3-4.

Plaintiff has renewed his request to proceed without prepayment of fees. See Document #4 ("Second Application"). He has included a copy of his prisoner trust fund account statement dated July 6, 2005, which contains the notation "verified," id. at 2-3, and bears the signature of "CC Credit," id., whom Plaintiff identifies as "prison official Gary Credit CC," id. at

1. Accordingly, Plaintiff's Second Application is hereby GRANTED.

Pursuant to the Prison Litigation Reform Act of 1995 ("the Act"), adopted April 25, 1996, and codified at 28 U.S.C. § 1915(b)(1), a prisoner seeking to file in forma pauperis must pay the full amount of the filing fee. As an initial filing fee, the prisoner must pay the greater of twenty percent (20%) of the average monthly deposits to his account or the average monthly balance for the six months prior to the filing of his petition. See id. Subsequently, a prisoner must pay monthly twenty percent (20%) of the preceding month's income credited to his account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner shall forward such subsequent payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fee is paid. See id.

After reviewing Plaintiff's prisoner trust fund account statement, the court has determined that **Plaintiff shall be required to pay an initial partial filing fee of $5.00. The Connecticut Department of Corrections is directed to forward the initial payment on Plaintiff's behalf.** Provided that Plaintiff's prison trust account balance equals or exceeds the initial fee assessed, the initial fee shall be forwarded to the clerk of this court within twenty days of the date of today's order. If Plaintiff lacks sufficient funds to pay the fee, the initial payment shall be forwarded by the Connecticut Department of Corrections as soon as the balance in Plaintiff's prisoner trust fund account equals or exceeds $10.00.

**Subsequently, the Connecticut Department of Corrections shall forward to the clerk of this court monthly payments of twenty percent (20%) of Plaintiff's preceding month's income each time his account balance exceeds $10.00.** Such fees shall be

forwarded until the $250.00 filing fee is paid in full.

So ordered.

ENTER:

David L. Martin
United States Magistrate Judge
July 19, 2005

BY ORDER:

Deputy Clerk